## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **HAKEEN MAKIN,** | ) | **CASE NO. 3:20 CV 912** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WARDEN LYNEAL WAINWRIGHT,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

### Background

*Pro se* Petitioner Hakeen Makin is a state prisoner incarcerated in the Marion

Correctional Institution (MCI).  He has filed a Petition for a Writ of *Habeas Corpus* under 28

U.S.C. § 2241, seeking relief on the basis of the COVID-19 pandemic.  (Doc. No. 1).   In his

Petition, he contends the coronavirus plaguing the world is rampant in MCI, and that the

Warden is failing to take appropriate steps to protect the health and safety of inmates.  He

contends the facility has acted at a slow pace to respond to requests for emergency

compassionate release and to take other measures appropriate for the public health crisis.

Contending he is one of the individuals confined at the MCI who faces an imminent risk of

serious injury or death if exposed to COVID-19 (on the basis of his age, 41), he contends his

confinement at MCI violates his federal rights to medical treatment and to be imprisoned in a

safe environment.  He seeks immediate release from prison in addition to other relief.

With his Petition, he has filed a Motion for a Temporary Restraining Order, also seeking

immediate release from MCI, and an order restraining the Warden from denying him "a safe and

life sustaining environment" and access to adequate medical treatment relating to COVID-19.

(Doc. No. 2 at 3.)

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of *habeas corpus* petitions.  *See* 28

U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing

*Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions pursuant to Rule

1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty

to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

Upon review, the Court finds that this Petition must be dismissed.

As an initial matter, the Petition is not properly brought under 28 U.S.C. § 2241.

"[R]egardless of the label on the statutory underpinning for [a] petition, *habeas* petitions of state

prisoners are governed by 28 U.S.C. § 2254," not § 2241.  *Byrd v. Bagley*, 37 F. App'x 94, 95

(6th Cir. 2002).  In any case, whether under § 2241 or § 2254, a state prisoner must demonstrate

that he has exhausted his available state remedies before asserting a federal *habeas corpus*

claim.  *Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

It is well-established that an application for a writ of *habeas corpus* by a state prisoner

may not be granted unless it appears that the petitioner has exhausted all "remedies available in

the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th

Cir. 1995) (*per curiam*).  "In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a *habeas*

-2-

petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The requirement that a state prisoner exhaust available state remedies as to federal claims prior to seeking federal *habeas corpus* relief is grounded in principles of comity.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  In the federal system, states should have first opportunity to address and correct alleged violations of a state prisoner's federal rights.  *Id.*

It is clear on the face on the Petition that Petitioner has not exhausted his state remedies as to the federal claims he asserts.  Although Petitioner contends that pursuing a grievance in the prison system would be futile (*see* Doc. No. 1 at ¶ 15), he has not demonstrated that relief as to his claims is unavailable to him in the Ohio courts.  Petitioner cannot seek federal *habeas corpus* relief unless and until he has exhausted such relief.  The state courts must have the first opportunity to address the federal violations he asserts in connection with his state incarceration.

## Conclusion

Accordingly, the Petition in this case is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, without prejudice to re-filing upon full exhaustion of state-court remedies.  Petitioner's Motion for a Temporary Restraining Order is denied.  The Petition does not present a cognizable claim; therefore, temporary injunctive relief is not warranted under the applicable factors.  *See Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (temporary injunctive is committed to the sound discretion of the district court based on various factors).

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a

certificate of appealability.

IT IS SO ORDERED.

 s/Dan Aaron Polster   4/30/2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE