UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HAKEEN MAKIN | ) | |
| Petitioner, | ) ) | CASE NO. 3:20 CV 912 |
| v. | ) ) ) | Judge Dan Aaron Polster |
| WARDEN LYNEAL WAINWRIGHT, | ) ) ) | **MEMORADUM OF OPINION AND ORDER** |
| Respondent. | ) ) | |

**Background**

Before the Court is *pro se* Petitioner Hakeem Makin's 60(b) Motion for Relief from Judgment, **Doc. #: 5**. Makin originally filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 and a temporary restraining order, both of which sought relief on the basis of unhealthy custodial conditions due to the COVID-19 pandemic. Docs. ##: 1, 2. The Court dismissed both, finding that his *habeas* petition was governed by 28 U.S.C. § 2254, not § 2241 and that he did not exhaust all state court remedies as required by § 2254. Doc. #: 3 at 2-3. Makin filed the present Motion asserting that the Court errored when rendering judgment. Doc. #: 5.

**Standard of Review**

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

1

> judgment should have prospective application; or (6)… any other reason justifying relief from the operation of the judgment.

Fed. Rule Civ. P 60(b). Makin argues that this Court made a mistake of law in dismissing his initial *habeas corpus* motion, meriting relief from judgement under 60(b)(1) and (6). Doc. #: 5. Relief may be afforded under subsection (6) only in exceptional circumstances that are not otherwise addressed by the first five subsections. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365-66 (6th Cir.1990). That is, Rule 60(b)(6) may be properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.* at 365.

## Legal Analysis

Makin asserts that the Court errored in finding that he is required to exhaust state remedies before seeking federal *habeas corpus* relief. Specifically, he contends that his Petition was brought under 28 U.S.C. § 2241. Doc #: 5 at 7-8. Though he acknowledges that § 2241 has a prudential exhaustion requirement, he contends that this exhaustion requirement can and should be waived. Doc #: 5 at 5.

1. **Makin's Petition is not Governed Under § 2241.**

Makin's Petition is not governed by the requirements of 28 U.S.C. § 2241. "[R]egardless of the label on the statutory underpinning for [a] petition, *habeas* petitions of state prisoners are governed by 28 U.S.C. § 2254," not § 2241. *Byrd v. Bagley*, 37 Fed. Appx 94, 95 (6th Cir. 2002). "Courts interpret § 2241 as the statutory grant of authority to issue habeas writs, and § 2254 as implementing that authority with respect to state prisoners." *Allen v. White*, 185 Fed. Appx. 487, unpublished, 2006 U.S. App. LEXIS 16322, at *5 (6th Cir. June 22, 2006); *see White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir.2004) ("Although the text of either statute would appear to confer jurisdiction . . . Section 2254 is properly understood as in effect implementing

2

the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court . . . ." (quotation omitted)).

Makin relies on two cases to justify his contention that his petition falls under § 2241. Both cases are inapplicable in this context. In *Roba v. U.S.* and *Thompson v. Choinski*, the petitioners challenged the execution of federal sentences. 604 F.2d 215, 216 (2d Cir. 1979); 525 F.3d 205, 206 (2d Cir. 2008). Section 2255 governs petitions by federal convicts asserting that their sentence was imposed unlawfully. 28 U.S.C. § 2255(a); *Allen*, 2006 U.S. App. LEXIS 16322, at *6. But § 2255 does not govern petitions asserting that a federal sentence is improperly executed. *Allen*, 2006 U.S. App. LEXIS 16322, at *6. Instead, such petitions are governed by § 2241. *Id.* Accordingly, because the petitions in *Roba* and *Thompson* involved collateral attacks to the execution of their federal sentences, the petitions were governed by § 2241.

Conversely, § 2254 governs challenges to the imposition and execution of state sentences. *Id.* at *7. Makin is in custody pursuant to the judgment of a state court and is challenging the execution of his sentence. Therefore, regardless of the label, the standards and requirements set forth in § 2254 govern.

### 2. Makin is Obligated Under 28 U.S.C. §2254 to Exhaust Available State Remedies.

Under 28 U.S.C. § 2254(b)(1)(A), an application for a writ of *habeas corpus* by a state prisoner may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." *Hanna v. Conley,* 49 F.3d 1193, 1196 (6th Cir. 1995). There are two exceptions to the exhaustion doctrine in § 2254(b)(1)(B). A prisoner is excused from exhausting available remedies when: (i) there is an absence of available State corrective

processes; or (ii) circumstances exist that render such processes ineffective to protect the rights of the applicant. 28 U.S.C. §2254(b)(1)(B). The 6th Circuit held that a state remedy may be considered "ineffective" if there has been inordinate delay (usually more than several years) in the administration of that remedy, and the fault for that delay rests with the State rather than the petitioner. *Turner v. Bagley,* 401 F.3d 718 (6th Cir. 2005) (excusing exhaustion requirement when state courts allowed appeal to remain on the docket for eleven years without meaningful attention, despite eventually ruling while *habeas* proceeding was pending).

Here, there are other state remedies available, like filing a state *habeas* motion under O.R.C. Chapter 2725. And Makin's "weeks-long effort" with the ODRC (Doc. No. 5 at 5) does not satisfy the established standard for rendering a state remedy ineffective. Thus, Makin does not fall within any exceptions of the exhaustion doctrine and fails to meet current exhaustion requirements.

## Conclusion

Makin's *habeas* petition is governed by § 2254. He has not satisfied § 2254's exhaustion requirements. Thus, the Court did not err in denying his *habeas* petition and motion for temporary restraining order. Accordingly, his Motion for Relief from Judgment, **Doc. #: 5**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 28, 2020*
**Dan Aaron Polster**
**United States District Judge**
